IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger, ) | C/A No. 3:15-4950-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WSFS Bank of Wilmington Delaware; Bank of ) | |
| America Mortgage; James R. Stritzinger, *OCV* ) | |
| *CEO*; William R. Stritzinger, *OCV Secretary*; ) | |
| Ocean Club Ventures, *A Delaware* ) | |
| *Corporation*; James R. Richardson, ) | |
| *Richardson & Burgess*; Katherine B. Wright; ) | |
| Vernon Wright; Travis County Texas, *Attorney* ) | |
| *General of The State of Texas*; Governor Greg ) | |
| Abbott, *Via the Attorney General*; Rick Perry, ) | |
| *Former Governor, via the Attorney General*; ) | |
| Judge Lora Livingston *(261st)*; Judge Stephen ) | |
| Yelenosky *(345th DC)*; Judge Andrew ) | |
| Hatchcock *(Associate Judge)*; Judge Robert ) | |
| Pemberton; Judge Rose; Judge Puryear; United ) | |
| States Attorney's Office; Senator Ted Cruz; ) | |
| Senator John Corywn, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, John Stritzinger ("Plaintiff"), a self-represented litigant, brings this civil action relating to litigation over property in Texas. (ECF No. 1 at 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint and Plaintiff's Motion to Consolidate in accordance with applicable law, the court concludes the Complaint should be summarily dismissed without prejudice and without issuance and service of process, and Plaintiff's motion should be terminated.

Page 1 of 6

*PJG*

**I.     Procedural Background**

Plaintiff filed this action on December 11, 2015.  (ECF No. 1.)  On January 27, 2016, the court issued an order directing Plaintiff to bring the case into proper form by filing the necessary service documents, and by either paying the filing fee or moving to proceed *in forma pauperis*.  (ECF No. 14.)  The order warned Plaintiff that his failure to comply with the order within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure.  (Id. at 3.)  Plaintiff responded to the order by filing a "Motion to Consolidate," (ECF No. 20), and a "Motion to Proceed Informa [*sic*] Pauperis and For Service," (ECF No. 26).  Plaintiff's motion did not comply with the court's order to file a Form AO 240 if he wished to proceed *in forma pauperis*, (ECF No. 14), and it failed to provide the court with the information necessary to make a determination of indigency.  Therefore, this case is not in proper form for service of process because Plaintiff has failed to pay the filing fee, provide the documents necessary to proceed *in forma pauperis,* or file the documents required by the court's proper form order.

**II.     Discussion**

**A.     Failure to prosecute or comply with an order of this court**

As indicated above, Plaintiff has failed to fully comply with an order issued by this court and has failed to provide the necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C. § 1915.  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution



under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that, in deciding whether to dismiss a case under Rule 41(b), a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).

In the instant action, Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's orders. See Craft v. Astrue, No.1:10CV9, 2012 WL 6569021, at *2 (M.D.N.C. Dec. 17, 2012) (finding, pursuant to the standard set forth in Chandler Leasing, "Plaintiff has proceeded *pro se* from the outset, thus she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case."). The court warned Plaintiff that failure to comply with the court's order could result in the dismissal of his case. Rather than comply with the court's instructions to bring his case into proper form, Plaintiff has filed a motion that disregards the court's directive. Considering Plaintiff's proclivity for refusing to comply with orders of the court and filing superfluous motions,[1] the court

---

[1] Since 2014, Plaintiff has filed twenty-one separate actions in this court, including this action. As of the date of this order, four of the actions were motions that were unaffiliated with any case and all were denied; Plaintiff voluntarily dismissed four cases; four were summarily dismissed by the court for Plaintiff's failure to state a claim upon which relief can be granted; one was dismissed for failure to prosecute; one action has a pending Report and Recommendation that recommends dismissing the action for failure to state a claim upon which relief can be granted; five actions had a Report and Recommendation issued along with this order that recommend summarily dismissing the respective actions for failure to prosecute; and one action that was recently filed is pending the court's review. In many of these cases, after being warned in a proper form order that the action may be dismissed for failing to comply with an order of the court, Plaintiff filed numerous motions that failed to address the court's directives.



finds Plaintiff has established a reputation for deliberately proceeding in a dilatory fashion. See Chandler Leasing, 669 F.2d at 920; see also Zaczek v. Fauquier Cty., Va., 764 F.Supp. 1071, 1079 (E.D. Va. 1991) (finding the plaintiff's filing of repetitive motions and objections constituted an abuse of the judicial process that justified dismissal under Rule 41(b)). Finally, because Plaintiff failed to fully comply with an order of this court after being warned that his failure to comply would result in dismissal, it does not appear that any sanction less drastic than dismissal is available. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (finding the magistrate judge's explicit warning that a recommendation of dismissal would result from the Plaintiff's failure to obey his order gave the district court little alternative to dismissal because any other course would have placed the credibility of the court in doubt and invited abuse). Therefore, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard, 882 F.2d at 95 (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court"). Moreover, because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

### B.     Warning to Plaintiff

Plaintiff is cautioned that if he continues to file frivolous actions without prepaying the filing fee or otherwise complying with the court's orders, this court may enter a pre-filing injunction with respect to cases filed by Plaintiff that are repetitive in their factual allegations and legal claims. See Graham v. Riddle, 554 F.2d 133, 134-35(4th Cir. 1977); see also Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-18 (4th Cir. 2004) (providing courts may limit a litigant's access to the court for exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992) ("[T]his Court



expressly upheld a pre-filing review system that denied *in forma pauperis* status to a frequent filer of frivolous complaints except upon good cause shown.").

### III.  Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice and Plaintiff's motions be terminated as moot. (ECF Nos. 13, 20, 26.)

                                                             _____
                                                             Paige J. Gossett
                                                             UNITED STATES MAGISTRATE JUDGE

April 5, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).