IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger, )<br>)<br>) Civil Action No. 3:15-4950-TLW<br>Plaintiff, )<br>v. )<br>)<br>WSFS Bank of Wilmington Delaware; et al.,)<br>)<br>Defendants. )<br>_____ ) | |

**ORDER**

The Plaintiff, John S. Stritzinger ("Plaintiff"), proceeding *pro se*, filed this civil action captioned "Petition for Civil Judgment and Release of Lean" (sic) relating to litigation over certain property located in Texas. (Doc. #1 at 1). Plaintiff appears to bring the action pursuant to 42 U.S.C. § 1983. (See Doc. #1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on April 6, 2016 by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (DSC). (Doc. #27). In the Report, the Magistrate Judge recommends that the above-captioned case be dismissed without prejudice and without issuance and service of process pursuant to Federal Rule of Civil Procedure 41(b) (providing that district courts may dismiss an action if a plaintiff fails to comply with an order of the court) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). (Doc. #27). Plaintiff filed a timely Objection to the Report on May 2, 2016. (Doc. #30).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has carefully reviewed, de novo, the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and all other relevant filings in this matter. The Court concludes that Plaintiff's Objections to the Report are without merit. Therefore, after careful review of the Report and Objections thereto, it is hereby **ORDERED** that the Report and Recommendation be **ACCEPTED** (Doc. #27). For the reasons articulated by the Magistrate Judge, this case is **DISMISSED** without prejudice and without issuance and service of process.

It is **FURTHER ORDERED** that Plaintiff's additional filings related to this matter are all hereby terminated as **MOOT**; specifically the following: Plaintiff's "Criminal Complaint and Motion for Bench Warrant," and "Motion for Other Orders" from Texas to be terminated (which refers the Court to "Stritz05.Shutterfly.Com" as evidence) (Doc. #13); "Motion to Consolidate

Cases" (Doc. #20); and Motions "to Proceed in forma pauperis and for Service" and "to Reconsider Service and for Scheduling Order" (Doc. #26).

To the extent Plaintiff's additional filing of June 14, 2016 captioned "Notice of Related Cause – Filing in the Texas District Court – And Move to Sever Related Cause" (Doc. #31) could be construed as a motion requiring Court action, any request for relief is also hereby terminated as **MOOT.** In the June 14, 2016 filing, among other things, Plaintiff requests "the court to Order the US Marshalls to collect JWS, HMS, and LLS phone records, including all location records available from their carrier of record which he believes is ATT under their Grandfather's plan," and "the home address of Ms. Wright who has purportedly sold his share of his former residence which is some fraction of $800K+ [because] Petitioner believes the court should find that in fact the house in its entirety was his and so are the proceeds representing a theft of the same which is a felony grand larceny." (Doc. #31 at 1 ¶¶ 5, 6). As stated, to the extent the Plaintiff's "Notice of Relate Cause – Filing in the Texas District Court – And Move to Sever Related Cause" requires a ruling from the Court, the motion is deemed **MOOT**.

As noted above, this case is **DISMISSED** without prejudice and without issuance and service of process; in light of that dismissal, all pending motions are hereby terminated as **MOOT.**

**IT IS SO ORDERED**.

June 20, 2016                                                                 s/ Terry L. Wooten
Columbia, South Carolina                                          Chief United States District Judge